**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2472**

CATHLENA JENKINS BRIGHT,

        Plaintiff - Appellant,

     v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Cameron McGowan Currie, Senior District Judge.  (6:17-cv-01431-CMC)

Submitted:  May 9, 2019                     Decided:  May 16, 2019

Before AGEE and DIAZ, Circuit Judges, and DUNCAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Cathlena Jenkins Bright, Appellant Pro Se.  Barbara Murcier Bowens, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cathlena Jenkins Bright appeals the district court's order adopting the magistrate judge's recommendation and upholding the Administrative Law Judge's (ALJ) denial of Bright's applications for disability insurance benefits and supplemental security income. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Bright's claims for benefits, and the ALJ's factual findings are supported by substantial evidence. Accordingly, we affirm the district court's judgment upholding the denial of benefits. We dispense with oral

2

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*